**In re SOUTHERN COMMODITY CORPORATION, Debtor.**

**Bankruptcy No. 85–01103–BKC–TCB.**

United States Bankruptcy Court,
S.D. Florida.

April 14, 1988.

Steven E. Kreisberg, Coconut Grove, Fla., pro se.

Howard Berlin, Britton, Cassel, Schantz & Schatzman, Miami, Fla., for debtor.

Robert O'Malley, c/o Kelley, Drye & Warren Smathers & Thompson, Miami, Fla., for Creditors' Committee.

## ORDER ON FEE APPLICATION OF S.E. KREISBERG

THOMAS C. BRITTON, Chief Judge.

The application (CP 233) of Steven E. Kreisberg for $2,000 as an administrative expense under 11 U.S.C. § 507(a)(1) and § 503(b)(1)(A) was heard on March 21. The application, which is for compensation for legal services rendered to the debtor corporation in a criminal proceeding in the district court, is denied.

Counsel was appointed by a Magistrate under the Criminal Justice Act, 18 U.S.C. § 3006A, and his fee of $2,000 for 52.5 hours was subsequently approved by the presiding judge in the criminal case. The Administrative Office of the United States Courts refused to pay the court-approved fee as unauthorized by the statute.

The applicant, who now turns to this estate for payment, concedes that:

"this attorney had been appointed specifically by the District Court for that purpose ... counsel did accept the appoint-

ment [by a United States Magistrate] with the view that compensation would be provided only at the Criminal Justice Act rate."

He also concedes that he did not seek the prior approval of the bankruptcy court under 11 U.S.C. § 327(a) and B.R. 2014 before such legal services were rendered. (CP 233 pp. 2, 13–14). He was appointed on February 21, 1986 (nunc pro tunc as of February 10, 1986), during the pendency of the bankruptcy case.

This chapter 11 case has had a confirmed plan since July 21, 1986, under the administration of a Liquidating Committee. The criminal matters which plagued this debtor and its principals were never the concern of the bankruptcy administration. In fact, debtor's bankruptcy counsel specifically refused to appear on the debtor's behalf in the criminal proceeding.

The issue of retention of special criminal counsel by a debtor-in-possession at the expense of the bankruptcy estate was considered in *In re Duque*, 48 B.R. 965 (S.D. Fla.1984). In concluding that the debtor-in-possession should not have been authorized by the bankruptcy court to retain special criminal counsel, the District Court, through Judge Hastings, stated that:

> "the propriety of employing counsel must be gauged by the needs of the estate and directly related to the trustee's or the debtor-in-possession's performance of the duties and responsibilities imposed by the Bankruptcy Code." *Id.* at 975.

The District Court found that criminal investigations and prosecutions for pre-filing activity are matters which solely concern the debtor, not this bankruptcy estate. The District Court held that estate funds in a chapter 11 case may not be used to pay criminal counsel in connection with a federal investigation and potential defense of criminal charges against the debtor arising out of pre-bankruptcy activities.

I have not overlooked the cases cited by applicant. However, they have no direct bearing on this issue, and I must deny the application for the reasons discussed at length in *Duque*, supra.